1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   GILBERTO ENRIQUE FRIAS,              )   Case No.: 1:15-cv-01620-JLT
                                          )
12              Petitioner,               )   ORDER TO SHOW CAUSE WHY THE PETITION
                                          )   SHOULD NOT BE DISMISSED FOR LACK OF
13        v.                              )   EXHAUSTION
                                          )
14   FRESNO COUNTY,                       )
                                          )   ORDER DIRECTING THAT RESPONSE BE
15              Respondent.               )   FILED WITHIN THIRTY DAYS
                                          )
16   ─────────────────────────────────

17        A preliminary review of the petition for habeas corpus relief reveals that the petition contains

18   only claims that have not been exhausted in state court.  Thus, the Court will require Plaintiff to show

19   cause why the petition should not be dismissed as unexhausted.

20                                    **DISCUSSION**

21   **I.        Preliminary Review of Petition**

22        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

23   it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

24   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

25   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

26   corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

27   an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

28   ///

                                              1

**II.      Exhaustion.**

A petitioner in state custody and wishing to collaterally challenge his conviction by a petition for writ of habeas corpus, must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state the initial opportunity to correct the alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be

1
2

      decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

3
4

      In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

5
6

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

7
8
9
10
11

      Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

12
13
14
15
16

      Here, Petitioner has alleged that he appeared in the Fresno County Superior Court on September 8, 2015 for a hearing on a violation of parole, that Petitioner pleaded no contest to having violated his parole, and was sentenced to an additional two years in prison. (Doc. 1, p. 1). Petitioner alleges that he did not appeal the parole violation and has not pursued any other remedies in the state courts related to this event.

17
18
19
20
21
22
23
24
25
26

      From the foregoing, it appears that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. However, it is possible that Petitioner has exhausted his claims and simply failed to provide the Court with the documents and information that would establish such exhaustion.  Accordingly, Petitioner will be permitted thirty days within which to respond to this Order To Show Cause by filing a response containing evidence that the claims herein are indeed exhausted.

27

**ORDER**

28

      For the foregoing reasons, the Court HEREBY ORDERS as follows:

3

1.   Petitioner is ORDERED TO SHOW CAUSE **within 30 days** why the Petition should not be dismissed for failure to exhaust remedies in state court.

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **October 28, 2015**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4